ELLIS, Judge.
Plaintiff has appealed from a judgment of the district court rejecting his demands against the defendants who were his employer, and its workmen’s compensation insurance carried, for workmen’s compensation as the result of an alleged accident and injury which purportedly occurred on March 5, 1955.
The lower court in its written reasons concisely stated the ground for the rejection of the plaintiff’s demand in the following language:
“ * * * While the allegations of the petition do not set forth the type of market that was operated by the defendant, the evidence adduced on the trial of the case shows it was a meat market, and the evidence further shows that plaintiff’s duties consisted of removing of meat from the freezing locker, cutting said meat and selling it to the retail trade. Nowhere in the petition is it alleged that the business of the employer was a hazardous one, nor is it alleged that the duties of the employee were of a hazardous nature. Further than this, the evidence does not show that the employer was engaged in a hazardous business, trade or occupation nor does the evidence show that the employee was engaged in the performance of hazardous duties, or that he was in contact with any hazardous features of the business. While I note in the second paragraph of brief filed by the plaintiff he sets forth that he was employed as a butcher and meat cutter, and part of his duties required him lifting and handling heavy pieces of meat and cut the same, and to handle machinery, there is not one bit of evidence in the record to show that there was any machinery present in said butcher shop. Under the circumstances, it is impossible for the Court to infer there was any machinery in said shop, and since this type of business is not listed as hazardous business in LSA-R.S. 23:1035, and there is no allegation that there were any machines or other electrical devices in said business, nor is there any allegation or proof that the employee was engaged in any hazardous work, or proof that such was the case, then it is impossible for me to hold that this case comes within the purview and contemplation of the Workmen’s Compensation Act.
“I realize in a compensation case that the strictness of pleading is not adhered to as in the ordinary lawsuit, but here the employee has not only failed to allege sufficient facts to entitle him to obtain relief under the act, but he had further failed to prove any facts that entitle him to relief under the act. Had he sought to prove that the employer’s business was one of a hazardous nature I would have permitted him *148 to do so, or had he sought to prove the nature of his duties were hazardous, I would have permitted him to do so, but he utterly failed to do this, and I have no right to assume that the business was of a hazardous nature, nor that the nature of his duties were hazardous — as a matter of fact, what he was doing at the time he alleges he was injured was moving some empty boxes on a dolly, or carriage, to a refuse dump in order that the City trucks could haul them off. Under these circumstances, I do not think he has proven his case under the Workmen’s Compensation Act. I might further add that the plaintiff contends that he fell on his hip, and his testimony subsequently shows that he was operated on by Dr. Howard H. Carr; this doctor made extensive examinations of this plaintiff, and on April 23, 1955 performed an exploratory operation; the exploratory operation did not reveal a ruptured disc, but the cause for suffering was found to be due to what the doctor called or explained as a ‘lipping of the vertebral body.’ This doctor was of the opinion this condition was not caused by trauma, but was due to normal wear and tear on a person the age of this plaintiff.
“According, for the above and foregoing reasons, I will sign a judgment when presented to me rejecting the plaintiff’s demands at his costs.”
The only question before this court is whether the findings and conclusions of the trial judge as above quoted are obviously or clearly wrong.
Counsel for plaintiff-appellant in oral argument and brief strenuously contended that the allegations of his petition were sufficient and that the material and necessary allegations for a cause of action having been made and admitted by the defendant is its answer, it was not necessary for him to prove it. He further contends that the proof in the record is overwhelming as to the disability of the plaintiff-appellant.
An examination of the plaintiff’s petition and defendant’s answer will reveal whether his contention that the petition alleges all facts necessary for a cause of action and the answer admits such facts so that proof of these facts on the trial was not necessary. Counsel calls our attention to the fact that the defendant has admitted that it was the insurer under the workmen’s compensation act of the State of Louisiana of the defendant, Tomed, Incorporated; that plaintiff alleged in Article 8 of his petition that he received certain medical treatment and was paid certain sums of compensation to such time as he was discharged as being able to return to work, and that the defendant in answering this admitted that certain medical treatment was received by plaintiff and that certain sums of compensation were paid to him; that the dates and payments made to the plaintiff were well within the knowledge of the defendant and that the defendant admitted this allegation of Article 9. Counsel for plaintiff calls our attention to Article 7 of his petition in which he alleged; “That after working for several days, your petitioner began suffering very severe pains, and finally came to the point where he was absolutely unable to further work, all of which facts are full and well known to the defendants herein, by written statements taken by adjusters of the insurer herein named.”
The defendant in answering Article 7 admits that plaintiff worked for several days following the date of his “alleged accident and injury and respondent further admits that statements were taken by the adjuster of the General Accident Fire and Life Insurance Corporation, but respondents deny any and all other allegations contained in said article and specifically deny any injury to Frank Bush while he was in the employ of respondent, Tomed, Incorporated, and deny any disability on the part of the said Frank Bush.”
Counsel then quotes Article 5 of his petition together with the answer reading: “That at this time, and on this date, he was engaged within the scope of his employment, and in the exercise of the functions *149 for which he was employed, moving some boxes from the rear of the market to the sidewalk in front of the store, when in some manner unknown to him, he slipped, lost his balance and fell,” and the answer thereto which reads as follows: “Respondents have no information as to the allegations •contained in Article V of plaintiff’s petition and deny the same because of the lack of information.”
The above facts relative to the allegations of the petition and the answers thereto were the only ones upon which the plaintiff relies to sustain the argument that the petition was sufficient, and when the defendant admitted as above set forth such allegations it became unnecessary for him to offer proof. Without further discussion it is clear that the District Judge was absolutely correct in his conclusions set forth in the quoted portion of his written reasons, supra.
The allegations of plaintiff’s petition together with the admissions in the answer are not sufficient in that there is no allegation nor admission in the answer that the business of the employer was hazardous or that the duties of the plaintiff were of a hazardous nature. The evidence also fails to show that the employer was engaged in a hazardous business, trade or occupation or that the plaintiff was engaged in the performance of hazardous duties or came in contact with any hazardous feature of the business.
As stated by the District Judge in his written reasons as a further reason for denying plaintiff’s demands is the testimony of Dr. Howard Carr, introduced in the form of two reports, to the effect that it was his opinion that the condition of the plaintiff was not caused by trauma but due to the normal wear and tear. Dr. Carr performed an exploratory operation and found no ruptrtred disc, but the condition which he referred to as the “lipping of the vertebral body.”
The judgment of the District Court is correct and is affirmed.